### WHITESIDE v. W. T. BAILEY LUMBER CO.

(Circuit Court of Appeals, Eighth Circuit. June 3, 1921.)

No. 5708.

Appeal and error ⟨⟩882(12)—Instruction conforming to issue tendered by party complaining not reviewable.

    A party cannot maintain error on an instruction which fairly presents an issue tendered by his pleading.

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Action at law by R. B. Whiteside against the W. T. Bailey Lumber Company. From the judgment, plaintiff brings error. Affirmed.

John Jenswold, of Duluth, Minn. (John D. Jenswold, of Duluth, Minn., on the brief), for plaintiff in error.

Victor L. Power, of Hibbing, Minn., for defendant in error.

Before CARLAND, Circuit Judge, and LEWIS and COTTERAL, District Judges.

LEWIS, District Judge. Whiteside brought this action against the Lumber Company to recover the purchase price of White pine, Norway pine, Spruce, Balsam, Jack pine, and Tamarack saw logs which he had sold and delivered to defendant at agreed prices per thousand feet for the different kinds. The complaint set up the number of feet

in the different classes of logs and the different prices to be paid. The answer admitted the agreement to purchase the logs at the prices per thousand feet named in the complaint, that delivery had been made, and alleged that it was agreed between the parties that all of the logs should be scaled by the surveyor general of Minnesota and that his scale and measure would be the basis of settlement between plaintiff and defendant. It set up the number of feet in the different kinds of logs, as shown by the scale and measurement made by the surveyor general, which was less than the amount stated in the complaint, admitted its indebtedness to plaintiff for the amount of lumber so shown at the respective prices named in the complaint, alleged tender thereof ($9,381.55 with interest) to plaintiff, his refusal to accept same, and brought the money into court. Plaintiff filed replication in which he admitted that the contract of sale and purchase contained the provision that the surveyor general was to scale the logs and that such scale would be the basis of the settlement between the parties. It then charged that the scale made by Payfer (surveyor general's deputy) "was grossly erroneous and defective and in the amounts listed as hereinbefore alleged and that the same constitutes a fraud upon this plaintiff and was in fact not binding upon either the plaintiff or the defendant"; which was coupled with specific allegations of Payfer's failure to make correct scale of the different kind of logs and alleged: "That said Payfer in many instances and in reference to at least one-half of the logs so scaled reported and returned a less amount for each log he so scaled than was actually contained in the log, and plaintiff verily believes and alleges the fact to be that said Payfer omitted to scale, return and report in each of said cases at least one-third of the amount that was actually in the log." The pleadings are verified. Verdict and judgment for the amount tendered.

The logs were delivered at the railway station and were scaled by Payfer at the time of loading. He measured each log. They went immediately to defendant's mill and were turned into the pond and mingled with other logs, so that they could not be rescaled. The plaintiff sent two men, Berg and Sanders, into the timber where the logs had been cut and they made a stump and top scale. That is, they estimated the number of feet in a log by measuring the stump from which it had been cut, the butt of the top, and found the length by the distance the two were apart. They could not, of course, obtain the necessary and definite data for deductions on account of defective logs from rot or other causes, which is permissible and recognized as the uniform practice and custom. The plaintiff also got the surveyor general to send two men, Snider and Flaherty, into the timber and they made a stump and top scale. When the scales were compared it was found that the Berg and Sanders scale contained about 200,000 feet more of White and Norway pine than the Payfer scale, but the Snider and Flaherty scale was substantially the same as the Payfer scale, the slight difference being easily accounted for by defective logs,

and' the less exactness of that method as compared to log measurement made by Payfer.

The only error assigned that merits attention is the instruction of the court wherein it advised the jury that the parties were bound by the Payfer scale, unless that scale was so grossly incorrect that it evidenced either actual or constructive fraud on the part of the scaler, and that the burden was on the plaintiff to show that that scale was grossly incorrect. But that was the very issue that the pleadings presented for trial. The complaint alleged a contract of sale and purchase; the answer admitted the terms of the contract stated in the complaint, but added the additional element that the logs were to be scaled by the surveyor general, and that the scale and measure thus made would be the basis of settlement between the parties. The replication admitted this additional element of the contract and then, by way of confession and avoidance, charged that that scale was so grossly erroneous and defective that it constituted fraudulent conduct on the part of the scaler, and for that reason the parties were not bound by it. It hardly lies with a litigant to make complaint that the court submitted to the jury the very issue which he tendered to his adversary and the only one made by the pleadings.

Furthermore, the court in substance told the jury that if they found that the Berg and Sanders scale, which showed 200,000 feet more than the Payfer scale, was substantially correct, they would be entitled to find that the Payfer scale was so grossly erroneous as to render it fraudulent, and that if they found the Berg and Sanders scale correct, the plaintiff was entitled to a verdict for the amount he claimed, that if they found that the Payfer scale was grossly erroneous, and yet that the Berg and Sanders scale was too large, they could find for a lesser amount than claimed by plaintiff, but that it must be a substantial amount over and above what the court told the jury their verdict should be if they adopted the surveyor general's scale. The only two guides for the jury as to the amount of lumber were the Payfer scale (supported by the Snider and Flaherty stump and top scale) and the Berg and Sanders scale. They necessarily, as thus instructed, had to adopt one or the other, and the court directed the jury to decide between them. In this it came very near to relieving the plaintiff from all obligation on the admitted provision of the contract, and to giving him a free hand in disregard to the issue. The court said to the jury:

"So that, does not this controversy boil itself down, after all, to a question of whether or not this Berg and Sanders scale was correct, more correct, than the Payfer scale and so much more correct than the Payfer scale that you, gentlemen of the jury, would adopt it and say from all this testimony that the Payfer scale must have been grossly erroneous. Now, if you can say that under this testimony, if you think that the plaintiff, by a fair preponderance of the testimony here, has shown that, that the Payfer scale was grossly erroneous and that the Berg and Sanders scale was more nearly correct, then you should set aside the Payfer scale and award to the plaintiff the amount that you think from this testimony was actually in those logs."

This left the jury free to accept the Berg and Sanders scale if they found it more nearly correct than the Payfer scale. Hence, for two

reasons we think the contention without merit: First, the plaintiff cannot complain that the court submitted to the jury the very issue he made; and, secondly, the jury had before it the two scales, the testimony of those who made them, and the court left with the jury the determination as to which was correct. We are not convinced that there was error prejudicial to plaintiff.

Affirmed.